IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARANGELIS NIEVES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:13-CV-4059-D |
| VS. | § | |
| | § | |
| JOHN BEAN TECHNOLOGIES | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Marangelis Nieves ("Nieves") moves for leave to join EMR Elevator, Inc. ("EMR") as a defendant more than two months following the expiration of the deadline for filing motions for leave to join parties. For the reasons that follow, the court denies the motion.

I

Nieves alleges that she was injured in an accident involving an escalator at the Dallas/Fort Worth Airport in June 2012. During pre-suit settlement discussions, defendant John Bean Technologies Corporation ("JBT") informed Nieves' counsel in writing on April 8, 2013 that it was not liable because its subcontractor, EMR, inspected and approved the escalator the day before the accident. After settlement discussions ended, Nieves filed suit in state court, alleging claims against JBT for negligence, premises liability, and negligence per se. JBT removed the action to this court on the basis of diversity jurisdiction under 28

U.S.C. § 1332. The court entered a scheduling order on November 21, 2013, which set February 14, 2014 as the deadline for filing motions for leave to join parties. On May 2, 2014 Nieves filed this motion for leave to join EMR as a defendant. JBT opposes the motion.

II

Fed. R. Civ. P. 16(b)(3)(A) provides that the court's "scheduling order must limit the time to join other parties." When a motion for leave to join parties is filed after the court-ordered deadline, the court must first decide whether to modify the scheduling order under the Rule 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.). When the motion is for leave to join parties, the movant must satisfy the requirements of Rule 16(b)(4) before the court can consider whether to grant leave to join under the more liberal standard of Rule 20, which provides:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

- 2 -

Rule 20(a)(2).[1]  Because Nieves' motion for leave to join EMR was filed more than two months after the deadline for the joinder of parties, Nieves must satisfy Rule 16(b)(4) and demonstrate good cause for amending the scheduling order.

The good cause standard "require[s] the movant 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Puig v. Citibank, N.A.*, 514 Fed. Appx. 483, 487-88 (5th Cir. 2013) (per curiam) (quoting *S&W Enters.*, 315 F.3d at 535).  The court assesses four factors when deciding whether the movant has shown good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536 (internal quotation marks and brackets omitted).  The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

---

[1]"Courts have described Rule 20 as creating a two-prong test, allowing joinder of plaintiffs when (1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (per curiam).  "Generally, as long as both prongs of the test are met, 'permissive joinder of plaintiffs . . . is at the option of the plaintiffs.'" *Id.* (quoting *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995)).  "However, even if this test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Id.* (citations omitted).

III

Nieves neither identifies the correct standard nor cites Rule 16(b)(4) in her brief, but the grounds on which she relies enable the court to apply the pertinent four-factor test.[2]

A

The court first considers Nieves' explanation. Nieves argues that JBT failed to disclose EMR under N.D. Tex. Civ. R. 3.1(c), which requires

> a separately signed certificate of interested persons . . . that contains—in addition to the information required by Fed. R. Civ. P. 7.1(a)—a complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of the case.

She contends that she relied on JBT's certificate of disclosure and did not realize until after the deadline for moving to join parties had elapsed that EMR may have also been responsible for maintaining the escalator in question. JBT responds that it informed Nieves before the deadline that EMR might be a potential defendant. It contends that it did so twice: (1) by

---

[2]In its response brief, JBT notes that Nieves fails to identify the correct standard for granting the requested relief. Nieves did not file a reply brief, and has therefore failed to address this issue. "When a party files an untimely motion . . . and does not address the good cause standard under Rule 16(b)(4), this court typically denies the motion for that reason alone." *Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 2671316, at *3 (N.D. Tex. June 30, 2010) (Fitzwater, C.J.) (citing *Serv. Temps*, 2009 WL 3294863, at *1) (addressing motions for leave to amend). But the court has made exceptions in cases where the movant did not address the Rule 16(b)(4) good cause standard but the grounds on which it relied to establish good cause were relatively clear. *See, e.g., Cartier v. Egana of Switzerland (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.) ("Cartier does not brief its motion under the Rule 16(b)(4) good cause standard or related case law, but the grounds on which it relies to establish good cause are relatively clear.").

letter dated April 8, 2013,[3] and (2) by its Rule 26 disclosures, which were filed December 17, 2013.[4]

The court finds that Nieves' explanation is inadequate. Regardless whether JBT included EMR in its certificate of interested persons,[5] JBT disclosed the identity of the subcontractor on two separate occasions—well before the deadline for seeking leave to join parties. Under these circumstances, it is clear that Nieves was on notice that EMR, as a subcontractor to JBT, had inspected the escalator in question the day before the accident. Nieves' notice of these facts before the February 14, 2014 deadline suggests that it could have complied with the scheduling order deadline for seeking leave to join EMR. *See Am. Tourmaline Fields*, 1998 WL 874825, at *2 (holding that plaintiff failed to demonstrate good cause where it was aware of certain facts but failed to amend by the court-ordered deadline).

---

[3]JBT has attached a copy of the April 8, 2013 letter to its response brief. The letter, which is addressed to Nieves' counsel, plainly states: "The police report also indicates that our subcontractor, EMR Elevator, checked the escalator and found it to be functioning properly. EMR did not report, and we have not received any reports from the time period at issue, which would suggest that the escalator was grabbing pedestrians' shoes or operating anything other than normally." D. App. A.

[4]JBT has also attached a copy of its Rule 26 disclosures, which disclose EMR as being the entity that "was hired to install and maintain the escalator in question." D. App. B-2.

[5]A certificate of interested persons, as contemplated by N.D. Tex. Civ. R. 3.1(c) and Rule 7.1(a), is required to provide financial information that enables the judge to determine whether recusal is required based on the judge's financial self-interest. *See* Rule 7.1 Advisory Committee's note (2002 Adoption) ("Although the disclosures required by Rule 7.1(a) may seem limited, they are calculated to reach a majority of the circumstances that are likely to call for disqualification on the basis of financial information that a judge may not know or recollect."). Nieves has failed to show that EMR is financially affiliated with JBT so that JBT was obligated to include EMR in the certificate of interested persons.

Nieves' assertion that her counsel did not "realize" EMR could be joined as a defendant until after the deadline is not sufficient to demonstrate good cause. *See, e.g., EEOC v. Serv. Temps, Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (holding this court did not abuse its discretion in denying motion for leave to amend because movant did not offer plausible explanation for delay); 6A Charles A. Wright, et al., *Federal Practice and Procedure* § 1522.2, at 322-25 (3d ed. 2010) ("Attorney neglect or inadvertence will not constitute good cause supporting modification.").

B

The next factor is the importance of the requested relief. Because Nieves has not briefed her motion under the Rule 16(b)(4) good cause standard, she makes no attempt to show that the relief is important. At best, she asserts that EMR "may also have been responsible for the maintenance of the escalator at issue." P. Mot. 1. The court concludes that Nieves has failed to demonstrate the importance of the requested relief.[6]

C

The court next considers the potential prejudice to JBT in granting the requested relief and the availability of a continuance to cure such prejudice. Nieves asserts in conclusory fashion that she "does not see how [JBT] would be prejudiced by the joinder of another

---

[6]JBT states in its response brief that Nieves filed a separate lawsuit against EMR in state court on the same day she filed the instant motion in this court. Therefore, the record indicates that Nieves will not be precluded from recovering against EMR if she has a valid claim.

- 6 -

Defendant," and notes that "[JBT] could only benefit from the addition of another potentially responsible party." P. Mot. 2. JBT responds that it would be prejudiced by the court's granting leave to join EMR because it would destroy diversity jurisdiction and force JBT to litigate the case in state court since EMR is a non-diverse party.

The court concludes that granting Nieves leave to join EMR, who is a non-diverse party, would prejudice JBT, and that a continuance would not cure such prejudice. "When a plaintiff seeks to join a non-diverse defendant after a case is removed based on diversity, 28 U.S.C. § 1447(e) gives the court the discretion to deny joinder or permit it and remand the case to state court."[7] *Alba v. S. Farm Bureau Cas. Ins. Co.*, 2008 WL 4287786, at *1 (N.D. Tex. Sept. 19, 2008) (Fitzwater, C.J.) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). "The court must therefore balance the original defendant's interest in maintaining a federal forum with the competing interest in avoiding potentially parallel litigation." *Anaya v. Schindler Elevator Corp.*, 2011 WL 1807786, at *1 (N.D. Tex. May 12, 2011) (Fitzwater, C.J.) (citation omitted).

> In determining whether to allow a non-diverse party to be joined, the court considers four factors: (1) whether plaintiff's purpose is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for an amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities.

---

[7] 28 U.S.C. § 1447(e): "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

*Id.* (citing *Hensgens*, 833 F.2d at 1182).

Here, Nieves has been dilatory in seeking leave to join EMR as a party, and she has failed to demonstrate that she will be significantly prejudiced if she cannot do so. Although she may be forced to litigate her action against EMR in state court,[8] which would entail parallel litigation that would involve inefficiency and additional expense, this cost is insufficient to demonstrate that she will be *significantly* injured. *See Anaya*, 2011 WL 1807786, at *3 (noting that denying motion to join does not deprive plaintiff of all of her remedies against non-diverse potential defendant). Moreover, granting leave to join EMR would undermine JBT's interest in maintaining a federal forum, and this interest outweighs any injury that Nieves may have from pursuing her lawsuit against EMR in state court because Nieves could have avoided this injury by suing EMR in the first place. *See id.* (concluding that diverse defendant's interest in maintaining federal forum outweighed plaintiff's interest in avoiding parallel litigation). The court concludes that, under these circumstances, the equities favor denying amending the scheduling order so that Nieves can seek leave to join EMR.

D

Assessing the four factors holistically, *see Service Temps, Inc.*, 2009 WL 3294863, at *3, the court holds that Nieves has failed to demonstrate good cause to amend the

---

[8]As noted, *see supra* note 6, JBT states that Nieves has already filed a separate lawsuit against EMR in state court.

scheduling order so that she can join EMR.

* * *

For the reasons explained, plaintiff's motion for leave for joinder is denied.

**SO ORDERED.**

June 10, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE